# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| A.D., | ) | |
| | ) | |
| Petitioner, | ) | 3:26-CV-00983-MJH |
| | ) | |
| vs. | ) | |
| | ) | |
| MARKWAYNE MULLIN, IN HIS | ) | |
| OFFICIAL CAPACITY AS SECRETARY | ) | |
| OF THE U.S. DEPARTMENT OF | ) | |
| HOMELAND SECURITY; TODD | | |
| BLANCHE, IN HIS OFFICIAL CAPACITY | | |
| AS ACTING ATTORNEY GENERAL OF | | |
| THE UNITED STATES; TODD LYONS, IN | | |
| HIS OFFICIAL CAPACITY AS ACTING | | |
| DIRECTOR OF THE U.S. IMMIGRATION | | |
| AND CUSTOMS ENFORCEMENT; | | |
| WILLIAM JOYCE, IN HIS OFFICIAL | | |
| CAPACITY AS ACTING NEW YORK | | |
| DEPUTY FIELD OFFICE DIRECTOR FOR | | |
| U.S. IMMIGRATION AND CUSTOMS | | |
| ENFORCEMENT; JOSEPH EDLOW, IN | | |
| HIS OFFICIAL CAPACITY AS DIRECTOR | | |
| OF U.S. CITIZENSHIP AND | | |
| IMMIGRATION SERVICES;  WARDEN | | |
| MOSHANNON VALLEY PROCESSING | | |
| CENTER, ACTING DIRECTOR DAVID | | |
| VENTURELLA, ACTING DIRECTOR | | |
| JOHN RIFE, | | |
| | | |
| Respondents, | | |

## OPINION AND ORDER

Presently, before this Court, is Petitioner's Motion for Temporary Restraining Order on his Amended Petition for Writ of Habeas Corpus. (ECF Nos. 72 & 73).[1] Within Petitioner's

---

[1] Considering Petitioner's amended filings, his Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order, (ECF Nos. 1 & 29), will be dismissed as moot.

1

Amended Petition for Writ of Habeas Corpus, *inter alia*, he challenges his detainment at Moshannon Valley Processing Center ("MVPC"), an adult detainment facility, because he asserts that he is a juvenile and that the age re-determinations conducted by DHS were procedurally deficient. Petitioner's Amended Motion for Temporary Restraining Order argues that he has a likelihood of success on the merits of the claims brought within his Amended Petition for Writ of Habeas Corpus. Accordingly, Petitioner requests that this Court "(1) immediately release Petitioner, a seventeen-year-old child, from adult immigration detention; or, in the alternative, (2) immediately transfer Petitioner to the custody of the Office of Refugee Resettlement ("ORR"), the federal agency statutorily charged with the care and custody of unaccompanied children, pending resolution of the petition for writ of habeas corpus." (ECF No. 73).

After Petitioner filed his original Petition for Writ of Habeas Corpus, in an order issued on June 22, 2026, this Court directed Respondents to file a timeline for a final age determination for Petitioner to be conducted by DHS as well as a proposed care plan for Petitioner's detainment at MVPC, pending the age determination by DHS, given his indeterminate age at the time. (ECF No. 60). On June 23, 2026, Respondents filed a Forensic Dental Age Assessment Report. (ECF No. 62). On June 24, 2026, Respondents filed a Notice to Court of Age Determination Decision, with a one-page memorandum attached as an exhibit, wherein DHS determined that Petitioner was above the age of 18. The memorandum, dated June 23, 2026, and entitled, "Age Re-determination of an Adult" asserted that they reached this conclusion "based upon all of the information gathered." (ECF No. 63-1). On June 24, 2026, upon review of Respondents' Notice, this Court ordered Respondents to provide the Court and Petitioner with a copy of the policies used to determine Petitioner's age and file an official age determination document or confirm

that the attached memorandum to Respondents' Notice served as the official age determination. (ECF No. 64).

On June 25, 2026, Respondents confirmed that the attached memorandum to Respondents' Notice was the official DHS age re-determination document for Petitioner. (ECF No. 65). On June 25, 2026, the Court scheduled a hearing for July 7, 2026, to address the then pending motions. (ECF No. 67). On July 3, 2026, Petitioner filed an Amended Petition for Writ of Habeas Corpus, challenging DHS's June 23, 2026 age re-determination, arguing that DHS failed to follow its own procedures in conducting Petitioner's age re-determination by not considering the totality of the circumstances. (ECF No. 72). Petitioner argues that Respondents only relied upon evidence that supported their own conclusion when conducting Petitioner's June 23, 2026 age re-determination. (*Id.*). Petitioner further argues that Respondents failed to consider Petitioner's Guinean passport, birth certificate, prior ORR Verification of Release documents recognizing Petitioner's status as an unaccompanied alien child, sworn declarations from Petitioner's family, and orders of the New York State Family Court placing Petitioner in the custody of the New York City Administration for Children's Services as evidence that he is a minor. (ECF No. 72, at 23-24).

On July 6, 2026, Petitioner filed an Amended Motion for Temporary Restraining Order, wherein he reiterates his arguments from his Amended Petition for Writ of Habeas Corpus. (ECF No. 73). On the same day, Respondents filed a Notice to Court of Filing of Reconsideration of June 23, 2026 Age Re-Determination. (ECF No. 74). Said notice contained a memorandum dated July 3, 2026, entitled "Reconsideration of June 23, 2026 Age Re-determination." (ECF No. 74-1). At the July 7, 2026 scheduled hearing, that was originally scheduled to address Petitioner's original Motion for Temporary Restraining Order, both parties consented to address all

subsequently filed documentation of record as of that date. As such, this Court's decision will include disposition of Petitioner's Amended Motion for Temporary Restraining Order. This Court has afforded both parties the full opportunity to develop the record and present argument. As such, the Court will treat Petitioner's Motion as a request for a preliminary injunction. *V.V. v. Orozco*, No. CV 20-560 KG/CG, 2020 WL 3542480 (D.N.M. June 30, 2020) (citing Fed. R. Civ. P. 65; 13 *Moore's Federal Practice* § 65.31 (2020) ("[W]hen a temporary restraining order is sought on notice to the adverse party, it may be treated by the court as a motion for a preliminary injunction.")).

Following consideration of the filings, the full record in this case, and the arguments of counsel, this Court concludes that the case is ripe for decision.

## I.    Discussion

The core issue before this Court is whether DHS shall be enjoined from applying its June 23, 2026 age re-determination and July 3, 2026 reconsideration of Petitioner's age re-determination, because said determinations violate the Trafficking Victims Protection Reauthorization Act ("TVPRA"), and Administrative Procedure Act. Specifically, Petitioner alleges that Respondents failed to follow the requisite procedures in conducting Petitioner's age re-determinations. As such, Petitioner is challenging the statutory framework and required procedures for the June 23, 2026 age re-determination and the July 3, 2026 reconsideration of age re-determination. Such analysis is within this Court's jurisdiction in deciding a habeas petition. *See V.V. v. Orozco,* No. CV 20-560 KG/CG, 2020 WL 3542480, at *4-6 (D.N.M. June 30, 2020); *See also Imon v. Keeton*, No. CV-20-00037-PHX-DWL (JZB), 2020 WL 4284378, at 3-4 (D. Ariz. July 27, 2020). Since Petitioner is seeking a preliminary injunction, he "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, (2008).

The TVPRA provides that, other than in exceptional circumstances, unaccompanied minors apprehended by immigration officials are to be transferred to the custody of the Department of Health and Human Services. 8 U.S.C. § 1232(b)(3). The TVPRA requires HHS and DHS to work together to formulate a set of policies and procedures for making age determinations. 8 U.S.C. § 1232(b)(4). The TVPRA directs that, "at a minimum, these procedures shall take into account multiple forms of evidence including the non-exclusive use of radiographs, to determine the age of an unaccompanied alien." *Id.* The resulting procedures are set forth in the ORR Guide in section 1.6, entitled "Determining the Age of an in Individual without Lawful Immigration Status."[2] Off. of Refugee Resettlement, Admin. For Child. & Fams., U.S. Dep't of Health & Hum. Servs., *Unaccompanied Alien Children Bureau Policy Guide* § 1.6—1.6.2 (Aug. 1, 2024). Section 1.6.2 lists what these agencies should consider when making age determination, the section reads as follows:

> ORR considers multiple forms of evidence in making age determinations, and determinations are made based upon a totality of evidence. ORR may consider information or documentation to make an age determination, including but not limited to:
>
> Documentation:
> - Official government-issued documents, including birth certificates. If there is no original birth certificate, certified copy, photocopy or facsimile copy of a birth certificate acceptable to ORR, ORR consults with the consulate or embassy of the individual's country of birth to verify the validity of the birth certificate presented.
> - Authentic government-issued documents issued to the bearer.
> - Other documentation, such as baptismal certificates, school records, and medical records, that indicate the unaccompanied alien child's date of birth.

---

[2] Section 1.6 of the ORR Guide indicates that "HHS and DHS worked jointly to develop the age determination policies and procedures" in said section.

- Statements by individuals (including the unaccompanied alien child) determined to have personal knowledge of the unaccompanied alien child's age and who HHS concludes can credibly attest to the age of the unaccompanied alien child.
- Statements provided by the unaccompanied alien child regarding their age or birth date. (An unaccompanied alien child's uncorroborated declaration regarding age is not used as the sole basis for an age determination.)
- Sworn affidavits from parents or other relatives as to the individual's age or birth date, if such persons can be identified and contacted.
- Statements from parents or **legal guardians**.
- Statements from other persons apprehended with the individual.
- Statements from other persons.
- Information from another government agency (Federal, State, local or foreign).
- State/local arrest records.
- Child welfare agency records.

Medical Age Assessments:

Medical Age Assessments include both the use of imaging technology, such as radiography, and physical examinations.

Regarding these assessments:

- Medical age assessments should not be used as a sole determining factor but only in concert with other factors.
- A medical professional experienced in age assessment method(s) must perform the examination, taking into account the individual's ethnic and genetic background.
- Dental maturity assessments using radiographs may be used to determine age, but only in conjunction with other evidence.
- As no current medical assessment method can determine an exact age, best practice relies on the estimated probability that an individual is 18 or older. The examining doctor must submit a written report indicating the probability percentage that the individual is a child or an adult.
- The **ORR/Federal Field Specialist (FFS)** supervisor must review the determination regarding the age submitted by the examining doctor.
- If an individual's estimated probability of being 18 or older is 75 percent or greater according to a medical age assessment, and this evidence has been considered in conjunction with the totality of the evidence, ORR must determine that the individual is 18 years or older and may refer the individual to the U.S. Department of Homeland Security (**DHS**). The 75 percent probability threshold applies to all medical methods and approaches identified by the medical community as appropriate methods for assessing age.
- Ambiguous, debatable, or borderline forensic examination results are resolved in favor of finding the individual is a child.

6

The FFS compiles all pertinent information (e.g., how reasonable suspicion was raised that the subject is over 18, the information referenced, the individuals or agencies consulted, statements and conclusions) and documents it in a memorandum for review and approval by the FFS Supervisor.

FFS then will forward the memo to the care provider facility case manager to be included in the unaccompanied alien child's case file and to the ICE Detention and Removal Office (DRO) Field Office Juvenile Coordinator (FOJC) for inclusion in the unaccompanied alien child's A-file.

At any time, an unaccompanied alien child in ORR care or their designated legal representative may present new information or evidence that they are 18 or older for re-evaluation of an age determination. New information will be reviewed and evaluated by the FFS and, if necessary, the FFS Supervisor, in a timely manner and shared with the DRO FOJC to determine if the current placement is appropriate.

If the new information or evidence indicates that an individual who is presumed to be an unaccompanied alien child is actually an adult, then HHS will coordinate with the assigned FOJC to transfer the individual out of ORR custody.

Section 1.6 of the ORR Guide holds that "the TVPRA requires the age determination procedures, at a minimum, to take into account multiple forms of evidence. Accordingly, under these procedures, each case must be evaluated carefully based *on the totality of all available evidence*, including the statement of the individual in question." (*Id.*) (emphasis added).

At present, DHS has produced two age re-determination memoranda concluding that Petitioner is above the age of 18. The June 23, 2026 age re-determination memorandum lists 4 items considered by DHS. On July 3, 2026, DHS made a reconsidered age re-determination, which lists 25 items considered by the agency. Petitioner challenges both determinations, asserting they do not comply with the required procedures and policies indicated above. Upon review of both age re-determination memoranda, all relevant briefings, and the arguments presented by counsel at the July 7, 2026 Motion Hearing, this Court finds that each age re-

7

determination memorandum provided by DHS does not reflect that the required considerations, enumerated by the agency's own policies, were properly followed. As pointed out by Petitioner, and conceded by Respondents at the July 7, 2026 Motion Hearing, neither of DHS's age re-determination memoranda reflects consideration of the three sworn declarations from Petitioner's family members or of the New York State Family Court orders. As such, Petitioner has shown that he is likely to succeed on the merits that neither of DHS's June 23, 2026 age re-determination and July 3, 2026 reconsideration of age re-determination reflect that the agency considered the totality of all available evidence related to Petitioner.

Further, this Court concludes that Petitioner's detention by DHS at MVPC, an adult facility, has presented significant complications, and that DHS has not proposed less restrictive appropriate interim placement alternatives. Petitioner has shown that, to the extent Petitioner is a minor, such complications are likely to subject him to irreparable harm and that the public interest and balance of inequities tip in his favor.

Therefore, this Court will enjoin DHS from enforcing either of its June 23, 2026 age re-determination or its July 3, 2026 reconsidered age re-determination decision. DHS will be directed to again reconsider Petitioner's age re-determination and issue an age re-determination that considers and discusses the totality of all available evidence related to Petitioner, including the three sworn declarations from Petitioner's family members and the New York State Family Court orders. In addition, given the representations made by HHS on June 22, 2026, regarding HHS's capability to provide for an appropriate interim placement for Petitioner, Petitioner will be transferred to HHS until such time as DHS completes an age re-determination in accordance with this Court's order.

**II.    Order**

For the above reasons, IT IS SO ORDERED as follows:

Petitioner's Writ for Habeas Corpus and Motion for Temporary Restraining Order (ECF Nos. 1 & 29) are DISMISSED as moot. Petitioner's Amended Motion for Temporary Restraining Order, being regarded as a Motion for Preliminary Injunction, (ECF No. 73), is GRANTED insofar as Petitioner's request that DHS be enjoined from enforcing its June 23, 2026 age re-determination and its July 3, 2026 reconsideration of age re-determination. DHS is directed to conduct another reconsideration of Petitioner's age re-determination, taking into account the totality of all available evidence, including the three sworn declarations from Petitioner's family members and the New York State Family Court orders. Petitioner's request for transfer to HHS is also GRANTED, to the extent that HHS shall provide for an appropriate interim placement for Petitioner until DHS's reconsidered age re-determination is completed.

IT IS FURTHER ORDERED that DHS is directed to coordinate with HHS to effectuate transfer of Petitioner to HHS for appropriate placement on or before July 14, 2026. Petitioner shall be placed in the least restrictive circumstances to accommodate Petitioner's safety and needs, as well as the community's safety and needs, until DHS issues its decision following its reconsideration of Petitioner's age re-determination. Should it be determined that Petitioner is a minor, custody of Petitioner shall be transferred to HHS in accordance with HHS and ORR procedures for minors. On the other hand, should the reconsidered age re-determination conclude that Petitioner is an adult, Petitioner shall be returned to DHS for further detention as an adult. Respondents are directed to provide notice to the Court of the issuance of the reconsideration of Petitioner's age re-determination within 48 hours of DHS's decision.

9

Finally, Petitioner's Amended Motion for Temporary Restraining Order, being treated as a Motion for Preliminary Injunction, will be DENIED in all other respects.

Given the circumstances of this case, posting of bond by Petitioner is waived.

BY THE COURT:

DATED: July 9, 2026

Marilyn J. Horan
United States District Judge